# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2016

Lyle W. Cayce
Clerk

DOUGLAS ARMANDO MULATO-CHICAS,

Petitioner,

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent.

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 346 543

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Douglas Armando Mulato-Chicas petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his application for withholding of removal and protection under the Convention Against Torture (CAT). Mulato-Chicas contends that he belongs to a particular social group of ex-gang members who have defied a gang order to kill and who have removed their gang tattoos. He argues that the group satisfies the BIA's social

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60923

distinction and particularity test because El Salvador segregates ex-gang members from its general prison populations.  He offers no authority for the proposition that a prison housing classification amounts to recognition as a "discrete class of persons" by society at large.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012).  Nor does he explain how the members of his proposed group are "in a substantially different situation from anyone who has crossed the gang, or who is perceived to be a threat to the gang's interests." *Id.* at 522 (internal quotation marks and citation omitted).  We decline to disturb the agency's decision that he failed to show membership in a particular social group.  *See id.* at 517, 521.

To the extent Mulato-Chicas asserts that he presented evidence that defying a gang order to kill constitutes protected political opinion, he does not describe the evidence or explain how opposing a criminal gang amounts to political opinion.  He thus abandons any claim for withholding of removal on that ground by failing to brief it adequately.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  He likewise abandons any claim that he is entitled to relief as the spouse of a United States citizen or the parent of United States citizen children by failing to address both the standards for obtaining such relief and how he meets those standards.  *See Soadjede*, 324 F.3d at 833.

With respect to his CAT claim, Mulato-Chicas cites no evidence that police were aware that a member of MS-13 intended to shoot him and took no action to prevent the shooting.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002); 8 C.F.R. § 208.18(a)(7).  Although Mulato-Chicas cites reported incidents of torture and other similar misconduct committed by Salvadoran officials, he cites no evidence that he is similarly situated with the victims of those abuses.  The only evidence that he himself was harmed by a

public official is his testimony that police hit him during his arrest for murder. However, there is no evidence that the incident caused him "severe pain or suffering." § 208.18(a)(1).  For these reasons, Mulato-Chicas fails to show that the evidence is so compelling that no reasonable fact finder could fail to find that it is more likely than not that he would be tortured if removed.  *See Roy v. Ashcroft*, 389 F.3d 132, 138, 140 (5th Cir. 2004) (internal quotation marks and citation omitted); 8 C.F.R. § 1208.16(c)(2).

To the extent Mulato-Chicas also challenges the sufficiency of the Board's reasons for denying relief under the CAT, we lack jurisdiction to review the purported defect in the BIA's decision because he failed to raise it in a motion for reconsideration.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319-20 (5th Cir. 2009).

Because Mulato-Chicas has not shown that he is entitled to withholding of removal or protection under the CAT, we do not reach his arguments challenging the alternative determination that there are serious reasons to believe he committed a serious nonpolitical crime in El Salvador.  The petition for review is DENIED in part and DISMISSED in part.  The outstanding motions are DENIED.